UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**ROBIN ELIZABETH RIDLEY,**

    **Plaintiff,**

    vs.                          Case No. 2:16-cv-000038
                                CHIEF JUDGE CRENSHAW
                                Magistrate Judge King

**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**


**To:** The Honorable Waverly D. Crenshaw, Jr., Chief Judge

### REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits. On September 6, 2017, final judgment was entered pursuant to Sentence 4 of 42 U.S.C. § 405(g) and the matter was remanded to the Commissioner of Social Security for further consideration of the opinion of Robert W. Lowe, III, M.D. Order (Doc. 21); Entry of Judgment (Doc. 22). This matter is now before the Court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act and Memorandum of Law in Support Thereof (Doc. 23)("Plaintiff's Motion"). The Commissioner has responded to Plaintiff's Motion. Defendant's Response to Plaintiff's Application for Attorney Fees pursuant to the Equal Access to Justice Act (Doc. 24)("Defendant's Response").

The Equal Access to Justice Act ("EAJA") provides in pertinent

1

part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). In order to recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be a "prevailing party"; (2) the Commissioner's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant the denial of relief. *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, (6th Cir. 2014)(citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006), and 28 U.S.C. § 2412(d)(1)(A)). In light of this Court's order of remand, Plaintiff is clearly a prevailing party; the Commissioner concedes that Plaintiff is entitled to an award of fees under the EAJA. Defendant's Response (Doc. 24, PageID# 473). The undersigned concludes that Plaintiff is entitled to an award of attorney fees under the EAJA.

An award under the EAJA must be reasonable:

> . . . The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In support of her motion, Plaintiff itemizes a total of 32.10 hours of attorney time in connection with the litigation. Appendix A, attached to Plaintiff's Motion (Doc. 23, PageID# 469). Her counsel seeks compensation at the rate of $125.00

per hour, for a total of $4,012.50. Affidavit of John Wayne Allen in Support of Motion to Set Plaintiff's Attorney Fees, attached to Plaintiff's Motion (Doc. 23, PageID# 471-72). The Commissioner does not challenge the reasonableness of this amount. Defendant's Response (Doc. 24, PageID# 473). The undersigned concludes that the amount requested is reasonable.

Plaintiff assigned her interest in an award under the EAJA to her attorney. Appendix B, attached to Plaintiff's Motion (Doc. 23, PageID# 470). Plaintiff's counsel asks that, in light of this assignment, any award be paid directly to him. Affidavit of John Wayne Allen in Support of Motion to Set Plaintiff's Attorney Fees, attached to Plaintiff's Motion (Doc. 23, PageID# 472). The Commissioner opposes this request. Defendant's Response (Doc. 24, PageID# 473). The United States Supreme Court has determined that fees awarded to a prevailing party under the EAJA belong to the litigant, not to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id*. at 597.

It is presently unclear whether Plaintiff owes a debt to the government. Accordingly, the undersigned concludes that, in accordance with *Ratliff*, the proper course is to award fees directly to Plaintiff and to remain silent, at this juncture, as to the ultimate disposition of those fees. Should the parties agree that Plaintiff owes no debt to the government, then payment of the award may be made directly to Plaintiff's attorney.

**Recommendation**

The undersigned therefore **RECOMMENDS** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act and Memorandum of Law in Support Thereof (Doc. 23) be **GRANTED in part.** It is specifically **RECOMMENDED** that Plaintiff be awarded an attorney fee under the EAJA in the amount of $4,012.50, but that the award be paid directly to Plaintiff except that, should the parties agree that Plaintiff owes no debt to the government, then the award may be paid directly to Plaintiff's attorney.

**Procedure on Objections**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for the objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

**Recommendation**

The undersigned therefore **RECOMMENDS** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act and Memorandum of Law in Support Thereof (Doc. 23) be **GRANTED in part.** It is specifically **RECOMMENDED** that Plaintiff be awarded an attorney fee under the EAJA in the amount of $4,012.50, but that the award be paid directly to Plaintiff except that, should the parties agree that Plaintiff owes no debt to the government, then the award may be paid directly to Plaintiff's attorney.

**Procedure on Objections**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for the objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

district court's ruling"). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

October 11, 2017

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge